FILED
2007 Jul-03 AM 08:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN MERCHANT MARINE VETERANS, INC., VULCAN BRANCH; CHARLES CAPLEY; & RAYMOND SCRUGGS,<br><br>    Plaintiffs,<br><br>vs.<br><br>TUSCALOOSA COUNTY PARK AND RECREATION AUTHORITY,<br><br>    Defendant. | CV-07-CO-00748-W |

MEMORANDUM OF OPINION

I.  Introduction.

On April 25, 2007, Plaintiffs American Merchant Marine Veterans, Inc., Vulcan Chapter (hereinafter referred to as "AMMVI"), Charles Capley, and Raymond Scruggs, filed their complaint (Doc. 1) against the Tuscaloosa County Park and Recreation Authority (hereinafter referred to as "PARA") asserting claims for injunctive relief arising under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 (hereinafter referred to as "§ 1983"). Defendant PARA filed the instant

motion to dismiss (Doc. 7) on May 18, 2007, asserting that Plaintiffs lack standing to sue and that the allegations fail to state any claim for which relief may be granted against PARA. Defendant's motion has been fully briefed by the parties, and the issues are ripe for review. Upon full consideration of the legal arguments presented therein, the Court is of the opinion that Defendant's motion is due to be granted.

II.    Facts.[1]

Charles Capley and Raymond Scruggs were both Merchant Mariners in the Oceangoing Service during World War II and members of the Vulcan Branch of AMMVI. PARA has established Veterans Northington Memorial Park (hereinafter referred to as "the Park") adjacent to McFarland Boulevard in Tuscaloosa, Alabama. In the Park, PARA has erected a "memorial [which] pays tribute to all veterans of Tuscaloosa County who were engaged in the nine major American wars, 1776-1976," according to the historical marker at the site. PARA's memorial includes plaques for the Army, Navy, Marines, Air Force, and Coast Guard, and each plaque is approximately seven inches

---

[1] Unless otherwise noted, the facts are taken from the plaintiffs' Complaint and Amended Complaint.

in diameter. However, there is no plaque commemorating the Merchant Marines. All Tuscaloosa County veterans, including Merchant Marines, may pay to have their names engraved on a granite wall with initials indicating the service for whom they served.

The Vulcan Branch of the AMMVI has requested on four different occasions that PARA place a plaque honoring the American Merchant Marine as it has done for the other military services. In response to one request, the Veterans Memorial Park Committee wrote to James W. Walter, president of the Vulcan Branch, stating the standard the Committee purports to use: "Every branch of the Armed Forces, as recognized by the United States Code of Federal Regulations Title 38, is recognized at the memorial now." The Vulcan Branch has purchased a plaque with the symbol of the Merchant Marines that is similar to the plaques commemorating the other five military service branches and has offered to donate that plaque to PARA for placement at the Park. PARA has refused the offer.

III.   Motion to Dismiss Standard.

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a reasonable doubt that "the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a Rule 12(b)(6) motion, the court must ". . . accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997).

IV.  Discussion.

PARA contends that Plaintiffs lack standing to sue, as well as that the allegations contained in the complaint fail to state a claim for which relief may be granted.  (Doc. 7.)

A.     Standing.

In one of the seminal cases on standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the United States Supreme Court has held that "the irreducible constitutional minimum of standing contains three elements."  *Id.* at 560; *see also Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).  First, a plaintiff must show that he or she has suffered an "injury in fact."  *Lujan*, 504 U.S. at 560.  The injury must have arisen out of an invasion of some legally protected interest which is both concrete and particularized.  *Id.*  Abstract injury is not sufficient.  *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  PARA argues that "none of the Plaintiffs to this lawsuit can meet the first standing requirement of *Lujan*."  (Doc. 7, p. 3.)  PARA argues that if there is any injury in fact, it is to the American Merchant Marine itself, and not to a specific group of veterans.  PARA points out that if Plaintiffs served in the American Merchant Marine in the Oceangoing Service during World War II and they reside in Tuscaloosa County, their names may be placed on a monument with other veterans who served in World War II.  *Id.* at 3-4.  In PARA's opinion, "this lawsuit attempts to involve this Honorable Court in a political dispute in the hopes that the

Court will issue an advisory opinion that somehow gives the Plaintiffs, through the issuance of an injunction, a status not previously bestowed upon them, namely that they served in an "Armed Force." *Id*. at 4-5.  Plaintiffs offer that the "actual injury" they suffered is being treated differently than other "veterans" as that term is defined in the Code of Federal Regulations. (Doc. 10, p. 5.) However, the memorial in question honors the five branches of the "Armed Forces" and not the individual veterans who served for them. None of the three plaintiffs in this case are a branch of the "Armed Forces" which has suffered an injury by being treated differently than the other branches.  It does not appear to the Court that any of the plaintiffs actually suffered an injury or were denied anything to which they were entitled.

The second requirement for standing under *Lujan* requires that a plaintiff establish a causal connection between the asserted injury in fact and the challenged action of the defendant. *Lujan*, 504 U.S. at 560.  Even if an injury in fact could be established, no causal relationship can be traced back to PARA's actions.  The plaques on display at the Park represent the five branches of the "Armed Forces."  In the context of veterans benefits, the United States Congress has determined the five branches of the "Armed

Forces" to include the United States Army, Navy, Marine Corps, Air Force, and Coast Guard, including the reserve components thereof.  *See* 38 U.S.C. 101(10).  Therefore, it is not PARA who defined the five branches of the "Armed Forces."

The third requirement for Article III standing under *Lujan* requires Plaintiffs to demonstrate that it is "likely," rather than speculative, that a favorable decision will redress the complained of injury.  *Lujan*, 504 U.S. 560.  PARA urges that "[n]ot allowing [it] to honor the five recognized branches of the 'Armed Forces' by forcing them to add plaques representing other non-military services would not change the fact that the American Merchant Marine is not considered to be an 'Armed Force' by Congress." (Doc. 7, p. 6.)  Plaintiffs, on the other hand, contend that "[e]ven if the Court allowed PARA to choose another method of treating the plaintiffs and other veterans equally, a decision to remove the symbols of the five current armed forces would be a 'favorable decision' which 'redressed' the plaintiffs' claim." (Doc. 10, p. 6.)  If the Court were to find that Plaintiffs met the first two prongs under *Lujan* and that Plaintiffs prevail on the

merits of their claims, the Court agrees with Plaintiffs that an injunction would likely redress the complained of injuries.

For the reasons stated above, the Court is of the opinion that Plaintiffs cannot meet the first two prongs for Article III standing. Therefore, PARA's motion to dismiss is due to be granted.

B.   Failure to State a Claim.

Even if Plaintiffs have standing, taking the facts as they are pled in Plaintiffs' Complaint, no claim for which relief may be granted exists. Plaintiffs raise claims based upon the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause is essentially a mandate that "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). PARA contends that Plaintiffs cannot show that they are similarly situated to the departments of the Navy, Air Force, Marine Corps, Army, or Coast Guard. (Doc. 7, p. 7.) Although the individual plaintiffs served their country during World War II in the American Merchant Marine, the Merchant Marine is not a group that is considered to be an "Armed Force." The plaques in question in this case do not honor individu-

als who served during World War II.  Rather, they honor the five branches of the "Armed Forces" who served during the war.  All World War II veterans who reside in Tuscaloosa County are treated equally.  They may pay to have their names engraved on a granite wall with initials indicating the type of service.  It is simply not arbitrary and capricious for PARA to honor the five branches of the "Armed Forces" as defined by Congress.  Furthermore, the reverse side of the monument in question depicts the emblem for the Department of Defense.  The American Merchant Marine is simply not a component of the Department of Defense.

Simply serving in World War II does not mean that the individual plaintiffs in this case are similarly situated to the five branches of the "Armed Forces."  In fact, Plaintiffs do not even allege in their Complaint that the Merchant Marine is one of the "Armed Forces."  Plaintiffs do, however, claim that serving in the Merchant Marine during World War II is now considered "active duty" by the Veterans' Administration.  They rely on 38 C.F.R. § 3.7, which also grants "active duty" status to those who served in the aerial postal service, contract surgeons, lighthouse service personnel, the Russian Railway Service, and the Signal Corps Female

Telephone Operators Unit of World War I, Philippine Scouts, as well as forty other civilian and quasi-military groups in addition to the Merchant Marine. The Department of Veterans' Affairs grant of "active duty" status to these groups does not transform them into branches of the "Armed Forces."

Plaintiffs' continued reliance upon language defining "active duty" service and "veterans" is insufficient to show that the American Merchant Marine is similarly situated to the five components of the "Armed Forces" which are recognized on the plaques at the Park.

Plaintiffs also claim that PARA has acted arbitrarily in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution by refusing to place in Veterans Memorial Park a Merchant Marine plaque in a position of equal prominence, dignity, and honor as those of the five branches of the "Armed Services" of World War II. (Doc. 1, p. 7.) Plaintiffs assert that this claim is based on "PARA's arbitrary decisions as to which veterans will be honored in what way." (Doc. 10, p. 4.) However, the Complaint does not allege that veterans are treated differently. *All* veterans of World War II who reside in Tuscaloosa County may pay to have their names engraved on the granite monument. The plaques in question do

not honor veterans, but instead honor the branches of the "Armed Forces." Plaintiffs' allegation that those veterans who served in the five branches of the "Armed Forces" are further honored by the placement of a plaque with the symbol of their service depicted on its face is simply insufficient to raise a colorable due process claim. (Doc. 10, p. 7.)

The Complaint simply fails to allege any constitutionally impermissible reason for denying the request of Plaintiffs to place the American Merchant Marine plaque on a monument which honors the "Armed Forces."

V.   Conclusion.

There is no doubt that the Merchant Marines performed a very important and admirable service to our country. But, PARA installed the plaques to honor the "Armed Forces." Other groups who served our country but were, and are not classified as "Armed Forces" will have to seek a political remedy to obtain future monuments. It would not be appropriate for this Court to order PARA to honor other groups simply because they made the political decision to honor this group - the "Armed Forces."

For the reasons stated above, PARA's motion to dismiss (Doc. 7) is due to be GRANTED, and Plaintiffs' Complaint is due to be DISMISSED without

prejudice. A separate order in conformity with this opinion will be entered contemporaneously herewith.

Done this 2nd day of July 2007.

        _____
         L. SCOTT COOGLER
         UNITED STATES DISTRICT JUDGE
                  124153